No. 902

HORN BROS. CO. v. NEW LONDON FARM. EXC. CO.

Ohio Appeals, 6th Dist., Huron Co.

No. 203.    Decided Oct. 2, 1925

1063. SALES—1. If anything remains to be done between seller and purchaser before goods are delivered, a present right of property does not pass to purchaser.

2. Delay of carrier in delivery of car load of oats for 67 days after shipment, and oats having become musty, shipper held not allowed to recover the loss from exchange from which it purchased the oats.

YOUNG, J.

On June 18, 1925, the Horn Brothers Co. purchased from the New London Farmers Exchange Co. a carload of No. 3 White oats at $1.20 per bushel. A bill of lading was issued and the oats delivered f. o. b. care at the station, New London, Ohio, as per contract.

This carload of oats were ordered by Horn Brothers to be shipped to a party in New York. There was a confirmation of the purchase of June 18th, and upon which was stamped with a rubber stamp these words: "All purchases made are based on government weights and grades final at destination unless otherwise specified." A draft was drawn upon Horn Bros. for the amount of the purchase price, $2,478.60 and by them paid.

The carload of oats were 67 days in getting to New York, whereas the time of shipment should not have exceeded 10 days. Upon arrival of the goods, and inspection as provided for, the oats were pronounced to be "No. 4 musty." They were disposed of in New York, the proceeds of said sale going to Horn Bros.

An action was brought by the Horn Bros. against the Farmers Exchange to recover the difference between the purchase price paid and the amount of the proceeds of the sale re-

ceived by them on the resale of the oats. Judgment in the Huron Common Pleas was in favor of the Farmers Exchange, a jury having been waived.

Error was prosecuted and it was contended by Horn Brothers that "the purchase was to be completed upon government grading at destination; that there was no acceptance of the oats; that those which were shipped were sold upon the market in the regular and legal manner and the proceeds thereof, which belonged to the Exchange were applied by Horn Brothers upon its claim for the amount of the draft, and that a balance is clearly due them."

The contention of the Exchange was that the place of delivery being at New London and the car loaded at that place, that constituted a sale and delivery; that the conditions as indicated by the rubber stamp on the confirmation of sale were not conditions precedent to the contract, but were conditions subsequent. The Court of Appeals held:

1. If the seller performs by a delivery of the goods of kind and quality agreed upon, the property therein passes at once to the purchaser; and a delivery to the common carrier under the agreement would be delivery to the purchaser.

2. If anything remains to be done between seller and purchaser before the goods are delivered, as separating the specific quantities sold from a larger mass, or identifying them when mixed with others, a present right of property does not attach to the purchaser.

3. When mere proof of weight, measurement, accounting, or the like remains to be performed after goods are actually delivered, and it was the intention of the parties to complete the sale by delivery, such weighing and measuring afterwards will not be regarded as a part of the contract of sale, but as referring to the adjustment on the final settlement.

4. Whatever was to be done at New York so far as weights and grades were concerned, were only incidental to the contract.

5. The oats were ordered shipped by Horn Brothers; it follows that the carrier thereby became the agent of Horn Brothers.

6. If Horn Brothers were responsible for the delay, there could be no recovery against the Exchange; and if the carrier was the agent of Horn Bros., then they were responsible for the neglect of their agent and recovery would likewise be barred as against the Exchange.

Judgment affirmed.

Attorneys—Young & Young for Horn Bros; G. Ray Craig for Farmers Exchange; both of Norwalk.